## CRAWFORD *v.* THE STATE.

No. 9925. APRIL 11, 1934.

*Marvin A. Allison* and *Hope Stark,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Clifford Pratt, solicitor-general, B. D. Murphy,* and *J. T. Goree,* contra.

ATKINSON, J. Louie Cofer and Leroy Crawford were jointly indicted for rape. On the trial of Crawford the jury found him guilty as principal in the second degree, and recommended that he be confined in the penitentiary not less than one year nor more than two years. The exception is to a judgment refusing a new trial.

In one ground of the motion for a new trial complaint is made of the following instruction to the jury, on the ground that

it was not authorized by the evidence: "Now the court gives you in charge also the law with reference to principals and accessories. A person may be principal in an offense in two degrees. A principal in the first degree is the actor or absolute perpetrator of the crime. A principal in the second degree is he who is present, aiding and abetting the act to be done; which presence of course need not always be an actual, immediate standing by, within sight or hearing of the act, but there may be also a constructive presence." The alleged injured female testified at length as to abduction by both defendants and other wrongs committed by them against her person, but did not testify that either had sexual intercourse with her. There was no evidence of any character sufficient to show any copulative act upon the part of Crawford. Tom Brownlee gave testimony as to copulation with a woman on the part of the codefendant Cofer, as follows: "I saw Louie Cofer and girl over on this road, back in December. It was on a road leading out from the highway over towards Norcross you might say; it was one twenty in the afternoon. I seen the car first, it was a Ford coupé. Louie and the girl was right behind the car, he was on top of her, he looked like he was in motion, looked like he was in the act of sexual intercourse. When they seen me they got up, and he put her in the car and picked up the cushion and shut the door and come on around on the other side and backed the car right against me and got in his self. The girl seemed to be crying. I didn't see the girl's face. I couldn't recognize the girl. I learned that same evening that a girl was picked up over there near Jackson's creek. . . I didn't see in that car. I didn't look in it. On one side of the road it was clear but the other side was an old field. I didn't see anybody else around there. When I seen the car they was kinda headed the way I was going, but when I passed the car they turned around and went back towards the highway." Cross-examination: "I didn't see this gentleman that day at all. The ones I am testifying about are Louie Cofer, who was tried a day or two ago. From the highway it was something like 300 yards. I was in the road leading into the highway. They wasn't over four feet from any sort of a road. They was just right down on the side of the road. When I first seen the car I was at least 100 yards from them. I couldn't see them right then, though I guess maybe I was 30 or 40 yards before I seen them. I just kept walking on. I was within

twelve or fifteen feet of them before they seen me. I couldn't say which one I saw first. When they seen me they jumped up pretty rapidly. They got up and she got in the car, and Louie picked up the cushion and put it in the car. I was just getting closer and closer; and as Louie came around the car, the back end of the car, to get in, he walked right by me, and I could have laid my hands on him, and he spoke to me like he always did and went on. The girl in the car was crying, but not holloing. I don't know whether she was crying for fear or because she got caught, or what; the girl didn't look at me at all. She didn't invite me to join the party to protect her. I guess she could have told me he was abusing her if she had wanted to. It looked like she wanted to get away." If the woman about whom the witness was testifying was the alleged injured female, this testimony alone does not show penetration or sexual intercourse such as is required in a charge of rape, nor that it was against the consent of the woman. Neither does it show the presence of Crawford, the defendant on trial, or his participation in that transaction. There was no evidence as to any complaint by the woman that she had been raped, nor was there any evidence as to examination of her private parts for disclosure of that offense. The evidence as a whole did not authorize the charge, and the court erred in overruling this special ground of the motion for a new trial.

The ruling announced in the second headnote does not require elaboration. *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., GILBERT and HUTCHESON, JJ., concur specially in the judgment, solely on the ground that the evidence is insufficient to warrant a conviction. It is not necessary to consider any other ground.