19932. RODGERS *v.* THE STATE.

ARGUED JANUARY 13, 1958—DECIDED FEBRUARY 7, 1958.

*Reuben A. Garland, J. Walter LeCraw,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. ■ The defendant strongly insists that the court erred in overruling the general grounds of his motion for new trial. We have set out a rather full statement of the circumstantial evidence on which the State relies to sustain the verdict.

The evidence in the present case is insufficient to exclude every other reasonable hypothesis except the guilt of the accused. There is no evidence to connect the defendant with the strangulation of his wife; there are only unexplained and suspicious circumstances, and these are not sufficient to convict a person of murder. *Young* v. *State,* 121 *Ga.* 334 (49 S. E. 256); *Park* v. *State,* 123 *Ga.* 164 (51 S. E. 317); *Reynolds* v. *State,* 170 *Ga.* 810 (154 S. E. 229); *Cornwell* v. *State,* 179 *Ga.* 668 (177 S. E. 235); *Redwine* v. *State,* 207 *Ga.* 318 (61 S. E. 2d 481); *June* v. *State,* 213 *Ga.* 311 (99 S. E. 2d 70).

■ In special ground 4 it is contended that the court erred in

allowing the State to introduce certain testimony of Mrs. Marion Benson. The testimony set out in this ground is, in substance: She had frequently had meetings with the defendant on a social basis; he told her that he was not married; she became suspicious about his marital status; he later told her that he was legally separated from his wife and they were contemplating divorce; he had borrowed $1,200 from the witness; on one occasion he was at her home having dinner, and his wife came there and chided her husband in regard to his affairs with other women; the witness had dated the defendant after this occurrence; they had discussed marriage, although she did not remember that he had ever actually asked her to marry him.

The defendant objected to the admission of each and every portion of this testimony, on the grounds that it is extraneous under the bill of indictment; it seeks to charge the defendant with a separate and distinct violation of the law; it is prejudicial; and it placed the defendant's character in issue, when he had not offered to place his character in issue.

In ground 7 it is insisted that the court erred in admitting the testimony of Mrs. John M. Allison, to the effect that she had some dates with the defendant; he told her that he was a widower; he tried to borrow $1,200 from her, but she did not lend it to him. This testimony was objected to on the grounds that it was irrelevant, immaterial, prejudicial, and did not illustrate any issue under the indictment.

It is the opinion of the majority of the members of this court that this testimony of Mrs. Benson and Mrs. Allison was relevant on the issue of motive of the defendant to commit the crime with which he was charged. *Wilson* v. *State*, 150 *Ga.* 285 (103 S. E. 682). This view is not concurred in by Mr. Chief Justice Duckworth, Mr. Presiding Justice Wyatt, and the writer.

■ In ground 5 it is insisted that the court erred in admitting certain testimony of Mrs. Marion Benson, that, while she was out riding with the defendant, on Tuesday before March 28, 1957, and after they had stopped to have a drink, they were quarreling, and the defendant reached forward in the seat and brought out a gun; she got the gun away from him, and when she repeatedly refused to give it back to him, he said: "If you don't give me that gun you are going to be killed before the night is over."

This evidence was objected to upon the grounds that it is extraneous under the bill of indictment; it seeks to charge the defendant with a separate and distinct violation of the law; it is prejudicial; and it puts the defendant's character in issue, when he had not put it in issue.

"The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." Code § 38-202.

There was no logical connection between the incident related by Mrs. Benson and the crime with which the defendant was charged, the strangulation of his wife. This testimony was not relevant on the issue of motive, and did not serve to connect the defendant with the crime charged against him. It was error to admit this testimony of Mrs. Benson in regard to the defendant's conduct in exhibiting a pistol on an occasion completely removed from the homicide under investigation, since it reflected on his character, and was prejudicial to him. *Fountain* v. *State*, 149 *Ga.* 519, 526 (101 S. E. 294); *Anderson* v. *State*, 206 *Ga.* 527 (57 S. E. 2d 563); *Rooker* v. *State*, 211 *Ga.* 361, 363 (86 S. E. 2d 307); *Montos* v. *State*, 212 *Ga.* 764, 766 (95 S. E. 2d 792).

■ In ground 6 error is assigned on two extracts from the charge of the court incorporating language on "aiding and abetting another" in the commission of the crime charged. The first extract is as follows: "In other words, gentlemen, before you could convict this defendant you must believe that a crime was committed as charged in the bill of indictment, and you must also believe beyond a reasonable doubt that this defendant was the person who committed the crime either himself or was present aiding and abetting another in the commission of the crime and that such aiding and abetting was wilfully, knowingly and maliciously done." The second extract is a similar statement by the trial judge.

It is contended that the instructions were erroneous because there was no evidence authorizing a charge on "aiding and abetting another" in the commission of a crime; that the instructions were confusing and misleading to the jury; and that other matters should have been charged in connection with the instructions given.

Counsel for the defendant in their brief recognize the principle of law that, even though a defendant is indicted alone, as a principal in the first degree, "he may be convicted as such on evidence proving him guilty as a principal in the second degree." *Nelson v. State*, 187 *Ga.* 576 (2) (1 S. E. 2d 641), and cases cited. It is contended, however, that the evidence in the case was insufficient to show that the defendant was guilty of the crime charged either as the actual perpetrator of the crime, or by aiding and abetting another.

It was the State's theory of the case that the defendant had procured Richard Jackson to murder his wife and had assisted him in the accomplishment of this design. If the evidence had been sufficient to prove this assumption, it would be immaterial whether the jury had found the defendant guilty as being the actual perpetrator of the crime or as being the principal in the second degree. However, the evidence was insufficient to prove any connection of the defendant with the crime charged, and it was therefore error to charge the jury on "aiding and abetting another" in the commission of the crime. *Goolsby* v. *State,* 147 *Ga.* 169 (2) (93 S. E. 88); *Crawford* v. *State,* 178 *Ga.* 743 (174 S. E. 335); *McCluskey* v. *State,* 212 *Ga.* 396 (93 S. E. 2d 341).

*Judgment reversed. All the Justices concur, except Candler, J., who dissents. Duckworth, C. J., Wyatt, P. J., and Head, J., concur in the judgment of reversal, but dissent from the ruling made in division 2 of the opinion.*