## 56186. WOOD v. THE STATE.

BIRDSONG, Judge.

Wood was convicted of burglary. The facts, viewed most favorably toward upholding the verdict, show that Wood was apprehended approximately six hundred feet from the scene of a wrecked vehicle owned by an acquaintance of Wood's. Inside the vehicle were various articles which appeared to be the same as those stolen from a local convenience store approximately one hour earlier. Wood, at the time of apprehension, had a recent cut on his nose, dirt in his hair, and gasoline on his clothes. This evidence, solely circumstantial in nature, was insufficient to authorize a conviction for burglary, notwithstanding the fact that it was not inconsistent with a theory of guilt. In order to sustain a conviction based solely on circumstantial evidence, the evidence must

exclude every other reasonable hypothesis save that of the guilt of the defendant. See *Mealor v. State,* 134 Ga. App. 564 (215 SE2d 272); *Rutland v. State,* 129 Ga. App. 313 (199 SE2d 595). Accordingly, the trial court erred in failing to direct a verdict of acquittal in favor of Wood.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 27, 1978 — DECIDED
SEPTEMBER 14, 1978.

*Wiggins & Camp, Daniel P. Camp,* for appellant.

*William P. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.