## 60947. WALKER v. THE STATE.

SOGNIER, Judge.

Walker was convicted of rape. He appeals on (1) the general grounds, and on the special grounds contends that the trial court erred; (2) by overruling his motion to suppress evidence obtained as a result of a warrant issued without probable cause; and (3) by admitting two state exhibits which were not tied to appellant or identified by the prosecutrix.

1. At approximately 2:50 a.m., the victim was sleeping in her apartment bedroom; the bedroom door was locked and a stand with a TV and a clock on it was in front of the door. The victim was awakened by a loud crash, which occurred when the door was broken open, knocking the TV and clock to the floor. A man jumped on top of the victim and put his hand over her mouth. After the victim asked

the man not to hurt her he did, in fact, have sexual intercourse with the victim. Thereafter, both the assailant and victim went into her living room; the victim expressed concern over what her boyfriend would do if he found out about the incident. The man said he would help her, gave her his telephone number and departed shortly thereafter.

The victim reported the incident to the police, gave them the telephone number and described her assailant, including his physical characteristics and the clothing he was wearing. She also told police he was wearing a bandana as a mask which she described as dark blue with white flowering, and with eyeholes cut in it. She was taken to the hospital for examination and nonmotile sperm were found in her vagina, indicating recent sexual intercourse.

The police traced the telephone number to appellant, who came to the police station for questioning. He told police his telephone number, which was an unlisted number and was the same number given the victim by her assailant. The police obtained a search warrant and found a blue and white print bandana with eyeholes cut in it and a multi-colored striped shirt in appellant's apartment. The victim could not identify the shirt as the one her assailant was wearing, and did not identify appellant as her assailant. Appellant denied being at the victim's apartment, and denied raping her. He testified that on the night of the rape, he had visited his sister, done some laundry, watched TV and then went to bed.

The evidence — considering the circumstances in toto — is more than sufficient to establish that the victim was raped. Although the victim did not physically resist appellant, the appellant broke through a locked door, jumped on top of the victim and put his hand over her mouth. Although appellant did not verbally threaten the victim, she asked appellant not to hurt her, indicating her fear. We believe any normal woman would be terrified to be awakened at 3:00 a.m. under such circumstances. "Lack of resistance, induced by fear, is not legally cognizable consent but is force. [Cit.]" *Derr v. State,* 239 Ga. 582 (1) (238 SE2d 355) (1977). However, the only evidence as to identity of her assailant was circumstantial, i.e., the telephone number and the blue and white bandana. The telephone number given the victim by her assailant was the same as appellant's unlisted number. Although this is strong circumstantial evidence standing alone, appellant testified that since his number was unlisted, he had given the number to several of his friends. In regard to the mask, the victim described her assailant's mask as a blue bandana with white flowery design, which had eyeholes cut in it. The bandana found in appellant's apartment was blue with a white design, with "eyelets" cut in it. Appellant, who lived alone, denied any knowledge of the

bandana, but gave no explanation of how it might have gotten into his apartment.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. In construing this rule our Supreme Court held: "Thus, the question of whether there was a reasonable hypothesis favorable to the accused became a question for the jury. The Court of Appeals correctly stated the rule in *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647) (1937) as follows: 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law. However, this court as a court of law, where there appears a hypothesis from the evidence, or from the lack of evidence and the defendant's statement, pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, may declare it so as a matter of law.' " *Harris v. State,* 236 Ga. 242, 244-245 (223 SE2d 643) (1976).

Applying the above rule to the instant case, we cannot state that appellant's explanation relating to his telephone number and the bandana found in his apartment is a reasonable hypothesis as a matter of law, thereby authorizing us to overturn the findings of the jury in this regard. As to the bandana, we note that while he denies ownership of the bandana, no reasonable hypothesis is before the jury as to how it came to be in appellant's apartment. Accordingly, we find that a rational trier of fact could reasonably have found from the evidence adduced proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

2. Appellant moved to suppress the bandana and shirt found as a result of the search of appellant's apartment. In enumerations 2 and 3, he contends it was error to deny his motion and thus, it was also error to admit the items seized into evidence.

In addition to the physical description given police, the victim in this case gave police a telephone number which her assailant said was his telephone number. She also described to the police the bandana and shirt worn by her assailant. As stated previously, the police discovered that the telephone number was appellant's, and that he

lived in the same apartment building as the victim. Based on this information, the police obtained a search warrant, stating that they expected to find the bandana, a multi-colored shirt and some green army-type pants. The officer obtaining the warrant also informed the magistrate how he obtained appellant's telephone number and address from the telephone company, and that the number matched the one given the victim. "Under certain circumstances it is reasonable for a police officer to infer that items will be found in a specific place." *Murphy v. State,* 238 Ga. 725, 727 (234 SE2d 911) (1977). As the bandana was used in the commission of the crime, and the shirt and trousers were worn by the assailant, it was reasonable to assume that appellant would go to his apartment, located in the same building as the victim's apartment, and that the clothes he was wearing at the time of the offense would be there.

Under the circumstances of this case, we find that probable cause existed to issue the warrant, and that a reasonable man could infer from the facts presented that the items sought would be in appellant's apartment. Accordingly, the trial court did not err in denying the motion to suppress. It follows that the items seized in the search were admitted properly into evidence.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

Decided March 3, 1981.

*Myra Dixon,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Melvin H. Jones, Assistant District Attorneys,* for appellee.