65242. MUCKLE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals his conviction of burglary. The evidence presented against him was entirely circumstantial and, at the close of the state's case, defendant's counsel moved for a directed verdict of acquittal, asserting (among other grounds subsequently abandoned on appeal) that the evidence failed to exclude every reasonable hypothesis save his guilt and also that there was a fatal variance between the allegata and the probata. The trial court denied the motion and submitted the case to the jury. The jury found defendant guilty, and the trial court sentenced him to 20 years, 10 to serve in confinement and 10 on probation. *Held:*

1. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109 (now OCGA § 24-4-6, effective November 1, 1982). As the state correctly asserts in its brief, the question of whether every other reasonable hypothesis has been excluded is generally a question for the jury. *Walker v. State,* 157 Ga. App. 728, 730 (1) (278 SE2d 487); *Smith v. State,* 154 Ga. App. 497, 500 (2) (268 SE2d 714). On the other hand, the trial court is authorized, as usual, to take the case from the jury and direct a verdict of acquittal if the state clearly fails to meet its burden. Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461 (now OCGA § 17-9-1, effective November 1, 1982)). See *Phillips v. State,* 133 Ga. App. 461, 462 (3), 464 (211 SE2d 411); *Rodgers v. State,* 213 Ga. 797, 803 (102 SE2d 10). Should a trial court decline to direct the verdict and the jury then finds the defendant guilty, we are obliged to review the evidence in a light most favorable to the jury verdict. *Townsend v. State,* 127 Ga. App. 797, 800 (2) (195 SE2d 474). However, we will not be blinded by the jury verdict when a reasonable hypothesis of innocence appears from the evidence or the lack thereof. *Harris v. State,* 236 Ga. 242, 244-245 (223 SE2d 643); *Walker v. State,* 157 Ga. App. 728, 730, supra; *Sentell v. State,* 227 Ga. 153, 158 (179 SE2d 234); *Smith v. State,* 56 Ga. App. 384, 387-388 (192 SE 647); *DePalma v. State,* 225 Ga. 465 (1), 466-467 (169 SE2d 801); *Phillips v. State,* 133

Ga. App. 461, 464, supra. Guided by these principles, we turn to the evidence in the case sub judice.

On September 6, 1981, a business establishment located on Bankhead Highway in Douglas County was burglarized. A hole had been cut in the metal wall of the building and the burglar or burglars had apparently been in the process of the crime when the burglar alarm was set off. Douglas County deputies were immediately dispatched to the scene. Upon arrival the deputies discovered two boxed television sets outside of the hole as well as some burglary tools. Two other television sets were later discovered missing.

One of the deputies began cruising the area, and he soon observed two black males walking together on a nearby street, which street is approximately 100 to 150 yards from the burglarized business establishment. When the deputy approached the two, they ran away into the woods in the direction of County Line Road. About the same time two other deputies discovered a parked automobile on County Line Road with the back seat removed and the engine still warm. County Line Road is some 1,056 feet from the burglarized business establishment.

The deputies decided to stake out the automobile. A local citizen volunteered to assist, and the deputies directed him to watch the automobile and to notify them, via a walkie-talkie provided, when the suspects returned to the car. When two black males came to, entered and drove the automobile away, the volunteer reported same to the deputies. (We pause to note that it was never established that these two black males were the same as the two black males seen earlier.)

One of the deputies pulled in behind the suspects and turned on his lights and siren. The suspects attempted to flee, but their automobile was soon forced to stop by the convergence of several patrol cars. The driver (defendant in the case sub judice) was apprehended immediately as he was attempting to leave the automobile. The passenger ran away, but was captured a short time later by a pursuing deputy. A flashlight and a pair of gloves were found on defendant's person. No fruits of the burglary were discovered.

We conclude that this evidence did not warrant the conviction. The most obvious deficiency in the evidence is that it did not place defendant at the scene of the crime. See *O'Quinn v. State,* 153 Ga. App. 467, 470-472 (2) (265 SE2d 824); *Wood v. State,* 147 Ga. App. 232 (248 SE2d 337). The most damaging evidence is defendant's flight, but flight is generally not sufficient to support a conviction even if the flight had been from the scene of the crime. *Denham v. State,* 144 Ga. App. 373, 374 (1) (241 SE2d 295).

Defendant's flight certainly cast grave suspicion that he had committed some offense. The fact that the flight occurred close to, in both distance and time, to the scene of the burglary certainly creates a suspicion or inference that defendant may have committed the burglary. This hypothesis is reinforced by the facts that defendant's automobile had been parked near the scene of the crime; the rear seat had been removed from the automobile; the discovery of a flashlight and a pair of gloves on defendant's person; and the further flight of his companion. However, the burden of proof on the state was not only to produce evidence "consistent with the hypothesis of guilt," but also to produce sufficient evidence to "exclude every other reasonable hypothesis save that of the guilt of the accused." Code § 38-109, supra.

We find that the state has failed to carry its burden. By not being able to place defendant at the scene of the crime and not finding any fruits of the crime in defendant's possession, the state has not dispelled the reasonable hypothesis that defendant was motivated to flee from the deputies for some reason other than having committed the specific offense charged. See *O'Quinn v. State,* 153 Ga. App. 467, supra, at pages 470-472; *Wood v. State,* 147 Ga. App. 232, supra. Compare *Huncke v. State,* 137 Ga. App. 299 (223 SE2d 492). The evidence created no more than a suspicion that defendant committed the crime and mere suspicion is not sufficient to support a conviction. Code § 38-110 (now OCGA § 24-4-5, effective November 1, 1982); Code § 38-109, supra. See *O'Quinn v. State,* 153 Ga. App. 467, supra, at pages 471-472; *Redwine v. State,* 207 Ga. 318 (61 SE2d 481). Therefore, the conviction cannot stand.

2. Our decision in Division 1 renders it unnecessary to consider defendant's second enumeration, but we will address it nevertheless. Defendant contends that there is a fatal variance between the allegations in the indictment and the proof at trial. The indictment alleged that defendant did "unlawfully and with force and without authority and with intent [to] commit theft therein, enter and remain within the store building and place of business of Home Town Furniture Co., 4090 Bankhead Highway." At trial it was adduced that the legal name of the business is "Home Town Furniture Co., *Inc.* " (Emphasis supplied.) We will not apply an overly technical interpretation of the fatal variance rule and find this enumeration to be without merit. See *DePalma v. State,* 225 Ga. 465, 469 (3), supra; *McJunkin v. State,* 160 Ga. App. 30, 32 (1) (285 SE2d 756); *Smith v. State,* 142 Ga. App. 1, 2 (1) (234 SE2d 816); *Alexander v. State,* 139 Ga. App. 338, 339 (228 SE2d 364); *Holbrook v. State,* 129 Ga. App. 129 (1) (199 SE2d 105).

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED MARCH 8, 1983 —
REHEARING DENIED MARCH 23, 1983.

*William C. Tinsley II,* for appellant.
*William A. Foster III,* District Attorney, *Jeffrey L. Ballew, Jeffrey P. Richards,* Assistant District Attorneys, for appellee.