## 70511. HATCHER v. THE STATE.
### (334 SE2d 709)

CARLEY, Judge.

Appellant appeals from the judgment of conviction entered on a verdict of guilty of theft by taking. His only enumeration of error concerns the denial of his motion for a directed verdict of acquittal.

Viewed in the light most favorable to the verdict, evidence was presented from which a jury could find that a woman entered a mill parking lot and observed a man standing behind an electrical contractor's van. She saw the man remove a drill from the van and place it into a green truck. The man then entered the mill office. The woman noted the license number of the green truck and immediately reported the incident to the electrical contractor. Her description of the man fit a person whom the contractor had just seen enter the mill office to join two others. The contractor called the police and described the green truck. Very shortly thereafter, police located the truck and apprehended its three occupants, one of whom was appellant. Neither of the other two persons fit the description provided by the eyewitness and the victim. The victim went to the police station, claimed the stolen goods, and identified appellant as the man whom he had previously seen at the mill office. The eyewitness also went to the police station and positively identified appellant as the perpetrator of the crime.

Appellant contends that the evidence presented was entirely circumstantial, and that it was not sufficient to exclude every reasonable hypothesis save that of his guilt. See generally OCGA § 24-4-6; *Muckle v. State*, 165 Ga. App. 873 (1) (303 SE2d 54) (1983); *Wood v. State*, 147 Ga. App. 232 (248 SE2d 337) (1978). However, we note that direct evidence of appellant's guilt was presented in the form of testimony that the eyewitness had positively identified appellant as the perpetrator shortly after he was apprehended. Although the eyewitness could not positively identify appellant in court, she explained that she had not gotten a good look at the man's face when she saw him in the mill parking lot. Her previous description and positive

identification of appellant had been based on other stated attributes, including his build, coloring, age, and clothing. At trial, she "described the appearance of the [thief] as best [s]he could, thus leaving it to the jury to decide whether such description fitted the appearance of the defendant." *Carr v. State*, 95 Ga. App. 513, 516 (2) (98 SE2d 231) (1957). See also *Randall v. State*, 73 Ga. App. 354, 367 (2) (36 SE2d 450) (1945). The eyewitness' failure positively to identify appellant in court did not invalidate her earlier unequivocal identification. "That a witness is somewhat hesitant of an identification on one occasion is not contradictory to a firm identification upon another, or an identification bolstered by that of [another witness]." *Williams v. State*, 162 Ga. App. 213, 214 (1) (290 SE2d 551) (1982).

"In this case, although most of the evidence regarding [the burglary] charge was circumstantial, there also was direct evidence, in the [eyewitness' pretrial] identification of appellant. Nevertheless, even if all of the evidence was circumstantial, it simply [was] too extensive to permit removal of the matter from the jury." *Chambless v. State*, 165 Ga. App. 194, 197 (300 SE2d 201) (1983). The State was not required to prove that it was impossible for the crime to have been committed by someone else. *Perry v. State*, 158 Ga. App. 349, 351 (280 SE2d 390) (1981). The evidence adduced at trial was sufficient for a rational trior of fact to conclude beyond a reasonable doubt that appellant committed the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Chambless v. State*, supra; *Perry v. State*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, William H. Boggs, Deborah D. Haygood, Assistant District Attorneys*, for appellee.