## A99A2396. WILLIAMS v. THE STATE.
(527 SE2d 272)

BLACKBURN, Presiding Judge.

Following a jury trial, Joe E. Williams appeals his conviction of entering an automobile with the intent to commit theft, contending that a showup identification of him was impermissibly suggestive and tainted an in-court identification and, further, that there was insufficient evidence to support the conviction. We affirm.

> On appeal from a criminal conviction, our review of the evidence is guided by certain well-established principles. As recognized in cases such as *Shabazz v. State*, 229 Ga. App. 465 (1) (494 SE2d 257) (1997), the evidence is viewed in a light most favorable to the verdict; we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); and the jury's verdict will be upheld as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case.

*Brown v. State*, 237 Ga. App. 761, 762 (516 SE2d 810) (1999).

The evidence shows that at 1:00 a.m. on March 15, 1998, Wynn Pitts awoke upon hearing a noise. As he was investigating around the house, he looked out a window and saw a bike which did not belong to him in the flowerbed. Aware that someone was probably in the yard or trying to get in the house, Pitts carefully looked out each window of the house. Peering out a window that overlooked the driveway, Pitts saw Williams in his truck, a Blazer, approximately 15 feet away from the window. Because the lights in the Blazer were on and the windows of the Blazer were not tinted, Pitts could plainly see Williams going through the truck's contents. Pitts watched Williams for two minutes before deciding to activate the alarm on his house. When the alarm sounded, Williams, on his way back to the bike, crossed in front of the window where Pitts was watching. In his excitement, Pitts busted the window, and Williams turned around. The two men looked at each other before Williams left.

Pitts reported the incident to the Columbus Police Department, describing the person as a tall black man on a bicycle, wearing dark clothing and a stocking cap. Officer Mac Blackstock had received a similar description from other people who were victims of similar automobile break-ins in the neighborhood.

Ten days after Pitts' truck was broken into, Williams was stopped while riding his bicycle at 4:00 a.m. He was wearing dark clothes, a stocking cap and a utility belt that contained a flashlight

and a multi-tool instrument that could be used as pliers or other tools. He also had at least one pair of gloves.

Williams was taken to Pitts' home that morning as a possible suspect in the break-in. When Pitts viewed Williams in the patrol car, he said he looked like the man he saw in his truck. When Williams stepped out of the car, Pitts definitively identified him. At trial, Pitts testified that he had no doubt that Williams was the man who broke into his truck. He said further that he knew Williams, not from when the police brought him to the house, but from seeing him in the truck.

1. Williams contends that the trial court erred in admitting the identification testimony because Pitts' in-court identification was tainted by the showup at his home. Even assuming, however, that the showup was unduly suggestive, we find the identification testimony was properly admitted.

> In exercising its discretion whether an in-court identification was tainted by a pre-trial defect, the trial court must examine the totality of the circumstances. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). The court should consider: (1) the opportunity of the witness to view the perpetrator at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the defendant; (4) the level of certainty demonstrated by the witness; and (5) the length of the time between the crime and confrontation. Id. In evaluating these factors, the trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence. Where evidence supports the trial court's ruling, we will not disturb that ruling.

*Lowe v. State*, 264 Ga. 757, 758 (2) (452 SE2d 90) (1994). If the totality of the circumstances shows that there was a substantial likelihood of irreparable misidentification, the identification is inadmissible. *Barber v. State*, 236 Ga. App. 294, 295-297 (1) (512 SE2d 48) (1999).

Applying these factors, we find that under the totality of the circumstances there was not a likelihood of irreparable misidentification. Pitts paid close attention to the man in the truck. Pitts, who had an unobstructed view of Williams in the truck from only fifteen feet away, testified that Williams was plainly visible for two minutes in the truck. Pitts also saw Williams' face quite clearly when Williams turned around after Pitts broke the window. Furthermore, Pitts testified several times that, without a doubt, Williams was the man he saw in his truck and that this identification was based on his oppor-

tunity to view Williams in his truck rather than at the showup. Finally, although the time period between the crime and the showup was ten days, because Pitts showed such certainty, we find that this passage of time did not affect his ability to identify Williams. See *Hood v. State*, 199 Ga. App. 774, 775-776 (406 SE2d 120) (1991) (a showup identification 12 days after the crime was not unnecessarily suggestive under the totality of the circumstances therein).

2. The evidence was sufficient to authorize the jury to find that Williams was guilty, beyond a reasonable doubt, of entering an automobile with the intent to commit theft. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 21, 1999.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.