## A00A1833. GRESHAM v. THE STATE.
### (541 SE2d 679)

MIKELL, Judge.

A jury found James Gresham guilty of one count of entering an automobile with intent to commit theft. On appeal, Gresham argues that the trial court erred by admitting impermissibly suggestive identification evidence. Gresham also challenges the sufficiency of the evidence and the denial of his motion for directed verdict. We affirm.

As recognized in cases such as *Shabazz v. State*,[1] on appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] The jury's verdict will be upheld as long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case.[3]

Viewed in the light most favorable to the verdict, the evidence shows that at approximately 4:00 a.m. on April 9, 1999, Andy Walton heard a car horn from the direction of the home of his neighbors, the Caldwells. He looked out of his window and noticed that the toolbox was open on Mr. Caldwell's truck. Next, he observed a person exiting the driver's side of Ms. Caldwell's car. Walton watched the perpetrator for at least five to eight minutes while his wife called the police. He saw the perpetrator walk between the truck and car a couple of times, then pick up a bicycle and ride away.

Within a minute after the perpetrator left the scene, the police arrived. Though he did not see the perpetrator's face, Walton described him as an African-American male of medium height and build wearing a light shirt and dark pants. Walton described the bike as a mountain-type bike. One of the officers, Alvin Bearden, left the scene to search for the suspect.

[1] 229 Ga. App. 465 (1) (494 SE2d 257) (1997).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Brown v. State*, 237 Ga. App. 761, 762 (516 SE2d 810) (1999).

Officer Bearden came face to face with Gresham, who was riding a bicycle toward him. Because Gresham and the bicycle fit Walton's description, Officer Bearden immediately took Gresham into custody. Officer Bearden returned to the scene with Gresham and the bicycle so that Walton could identify him. At the scene, Walton said Gresham fit the height, build, racial, and clothing description and the bicycle was the same type.

Gresham testified that he did not enter Ms. Caldwell's car. He explained that he was in the area because he was trying to buy crack cocaine.

1. Gresham contends that the trial court erred in admitting the identification testimony because the showup identification at the time of his arrest was impermissibly suggestive. We disagree.

> This court has thoroughly considered the dangers inherent in the practice of bringing single suspects to confront witnesses for the purpose of pre-trial identification, in particular, the danger of the substantial likelihood of irreparable misidentification. To evaluate that likelihood, we apply the test enunciated in *Neil v. Biggers*,[4] which requires that we consider the witnesses' opportunity to view the suspect at the time of the offense, the witnesses' degree of attention, the accuracy of the witnesses' prior description and their level of certainty.[5]

"In evaluating these factors, the trial court is the trier of fact and must judge the credibility of the witnesses and the weight and conflict in the evidence. Where evidence supports the trial court's ruling, we will not disturb that ruling."[6]

Applying these factors, we find that there was not a substantial likelihood of irreparable misidentification. Walton had ample opportunity to observe the suspect. He testified that he observed the perpetrator for five to eight minutes and paid close attention to him while his wife called the police. Gresham fit Walton's physical description of the perpetrator and was wearing clothes consistent with Walton's description. Gresham's bicycle also fit the description of the bicycle that Walton described when he reported the crime. At the scene, Walton was certain of his identification. Having considered the appropriate factors, we find that the identification was properly admitted.

---

[4] 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972).

[5] (Citations and punctuation omitted.) *Sabo v. State*, 226 Ga. App. 106, 107 (485 SE2d 591) (1997).

[6] *Williams v. State*, 241 Ga. App. 670, 671 (527 SE2d 272) (1999).

2. In his second and third enumerations of error, Gresham challenges the sufficiency of the evidence and the denial of his motion for a directed verdict. These contentions will be addressed together, as the same standard of review applies.[7]

In relevant part, OCGA § 16-8-18 provides that a person who enters any automobile with the intent to commit a theft or a felony shall be guilty of a felony.[8] Gresham contends that the state did not prove that he was the person who entered the automobile and the only evidence connecting him to the crime was circumstantial. Because all of the state's evidence was circumstantial, Gresham argues, the state was required to exclude every other reasonable hypothesis except that of his guilt. Gresham is incorrect. Direct evidence of Gresham's guilt was presented in the form of testimony from Walton. There is no requirement that the direct evidence upon which a criminal conviction is based take the form of a positive identification.[9] A criminal conviction can be based on an eyewitness' general description of the perpetrator.[10]

Since there is direct and circumstantial evidence of guilt, the circumstantial evidence rule does not control.[11] We note, however, that if all of the evidence in this case were circumstantial, our findings would not change. The question of whether the circumstances in a case are sufficient to exclude every reasonable hypothesis favorable to the accused is primarily a jury question.[12] This Court has explained,

> [t]his of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and

---

[7] The applicable standard of review is that of *Jackson v. Virginia*, supra, whether any rational trier of fact could have found guilt beyond a reasonable doubt. The same standard of review of the evidence is applicable to the denial of the defendant's motion for a directed verdict. *Miller v. State*, 270 Ga. 741 (1) (512 SE2d 272) (1999); *Smith v. State*, 267 Ga. 502, 503 (3) (480 SE2d 838) (1997).

[8] OCGA § 16-8-18.

[9] *Price v. State*, 180 Ga. App. 215 (348 SE2d 740) (1986) (wherein the only eyewitness could not give a positive identification, but only a general description which was not contested by the defendant).

[10] See *Hatcher v. State*, 175 Ga. App. 768 (334 SE2d 709) (1985) (wherein the witness' identification was based on attributes such as build, coloring, age, and clothing); *Price*, supra.

[11] *Powell v. State*, 130 Ga. App. 588 (203 SE2d 893) (1974). The circumstantial evidence rule provides, "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The trial judge did instruct the jury on this principle of law.

[12] *Walker v. State*, 157 Ga. App. 728 (278 SE2d 487) (1981).

having observed them testify, they are more capable of judging the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law.[13]

The jury did not only have Walton's testimony to consider in this case. Gresham also testified.[14] It is apparent that the jury concluded that Gresham's explanation did not present a reasonable hypothesis, which the state would have been required to exclude. As an appellate court, it is not our role to speculate what evidence the jury chose to believe.[15] Accordingly, these enumerations are without merit.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2000.

*Wanda G. Johnson*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.

---

[13] (Punctuation omitted.) *Walker*, 157 Ga. App. at 730 (1) (citing *Smith v. State*, 56 Ga. App. 384, 387 (192 SE 647) (1937)).

[14] Also, the trial court charged the jury on the circumstantial evidence rule.

[15] *Richardson v. State*, 168 Ga. App. 312 (308 SE2d 694) (1983).