### A05A1276. WILLIAMS v. THE STATE.
(614 SE2d 834)

JOHNSON, Presiding Judge.

A jury found Ricardo Williams guilty of two counts of entering an automobile. Williams appeals, alleging the evidence was insufficient to support his convictions, the trial court erred in granting the state's motion to allow similar transaction evidence, and he received ineffective assistance of trial counsel. Because these enumerations of error lack merit, we affirm Williams' convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some

[5] (Punctuation and footnote omitted.) *Collins*, supra.
[1] *Gresham v. State*, 246 Ga. App. 705 (541 SE2d 679) (2000).
[2] (Citation omitted.) *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in that light, the evidence shows that on June 19, 2003, at approximately 2:30 a.m., a dispatcher for the Savannah Fire Department was watching the security camera monitors at Fire Station Three when he noticed a man reaching into the back of one of the firefighter's pickup trucks, located on an adjacent alley. The dispatcher called one of the firefighters sleeping on the first floor and the police. While he spoke with these individuals, the dispatcher never took his eyes off the monitor. There was no one else in the alley besides the man the dispatcher was watching. Within seconds, one of the firefighters went outside. When the man being observed by the dispatcher saw the firefighter, the man took off and turned onto an adjacent road. The firefighter noticed that the tool boxes on the back of two pickup trucks were open. Another firefighter received a description of the man and began searching for him. Within minutes he saw a man, the only man on the street, who matched the suspect's description. When he confronted the man, the man denied being near the fire station and walked away.

Subsequently, the property taken from the two trucks was recovered in and around a trash can approximately twenty-five feet from where the pickup trucks were parked. A backpack and a pair of shoes that did not belong to the firefighters was also recovered. A third firefighter noticed a man pacing on a corner. As the firefighter walked toward the man, he noticed that the man was not wearing shoes. He asked the man if he was missing a pair of shoes. The man shook his head "no," then looked down the road where the police officers were standing, and walked "very briskly" away. The firefighter summoned the police officers, who arrested the man. The first two firefighters confirmed that Williams was the same man they had seen in the alley and adjacent roadways.

Williams contends the evidence was insufficient to support his convictions because the state failed to prove that he was the person who entered the vehicles. We find no error.

The dispatcher testified that he never took his eyes off the monitor and that the man the first firefighter saw in the alley was the man he saw breaking into the trucks. The first firefighter testified that Williams was the man he saw in the alley. In addition, Williams was not wearing shoes at the time of his arrest, and a pair of shoes was located near the abandoned tools taken from the trucks. Direct evidence of Williams' guilt was presented in the form of testimony from the dispatcher and the first firefighter. "There is no requirement

---

[3] *Gresham*, supra.

that the direct evidence upon which a criminal conviction is based take the form of a positive identification. A criminal conviction can be based on an eyewitness' general description of the perpetrator."[4]

Even if all the evidence in this case were circumstantial, our findings would not change. "To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt."[5] The question of whether the circumstances in a case are sufficient to exclude every reasonable hypothesis is a question for the jury. "After having heard the witnesses and having observed them testify, they are more capable of judging the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law."[6] It is apparent the jury concluded that Williams' explanation did not present a reasonable hypothesis which the state would have been required to exclude. In addition, the jury was authorized to believe that Williams' attempts to flee when confronted by the firefighters constituted circumstantial evidence of guilt.[7] As an appellate court, it is not our role to speculate what evidence the jury chose to believe.[8] The jury was authorized to find Williams guilty beyond a reasonable doubt of entering the two automobiles.

2. The record shows that the state introduced certified copies of three prior convictions for entering an automobile. An officer testified that at 5:44 a.m., on October 20, 1993, he observed Williams breaking into the back of a pickup truck and taking tools out of it. Another officer testified that at 5:30 a.m., on June 4, 1996, he saw Williams step across the hoods of several vehicles then jump down from a van. Nearby was a pickup truck with the rear window smashed out and the tool box entered. A third officer testified that at approximately 4:50 a.m., on April 13, 2002, he was called after Williams was observed inside a car that had been broken into.

Williams contends the trial court erred in granting the state's motion to allow the introduction of these three prior convictions for entering an automobile because (a) the state failed to prove by a preponderance of the evidence that he committed the similar transactions, (b) the acts were not sufficiently similar to the crime charged, and (c) the probative value of the evidence was outweighed by the prejudicial effect to him. We find no error.

---

[4] (Footnotes omitted.) Id. at 707 (2).

[5] (Citation omitted.) *Davis v. State*, 263 Ga. App. 230, 231 (1) (587 SE2d 398) (2003).

[6] (Footnote omitted.) *Gresham*, supra at 707-708 (2).

[7] See *Sinclair v. State*, 248 Ga. App. 132, 134 (1) (546 SE2d 7) (2001).

[8] See *Gresham*, supra at 708 (2).

Before similar transaction evidence can be introduced, the state must make three affirmative showings: First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.[9] A decision to admit a similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.[10]

Here, the state introduced certified copies of the prior convictions, and officers involved in each of the independent offenses provided eyewitness testimony placing Williams at the scene of each offense. There was sufficient evidence presented that Williams committed the independent offenses. Likewise, the independent offenses were sufficiently similar to the charged offense so that proof of the former tends to prove the latter. The independent offenses, like the charged offense, all involved acts of entering an automobile during the early morning hours in downtown Savannah. There is no requirement that the similar transactions be identical in every respect.[11]

As for the proper purpose requirement, once the identity of the defendant is shown to be the same as that of the perpetrator of an independent crime of sufficient similarity that proof of that crime tends to prove the offense charged, evidence of the independent crime may be introduced to show identity, motive, plan, scheme, bent of mind and course of conduct.[12] Consequently, the trial court did not err in permitting the similar transaction evidence to show bent of mind and course of conduct.

Williams' argument that the prejudicial impact of the similar transaction evidence outweighed its probative value is unpersuasive.

> The true test for admission is whether the evidence of prior incidents was substantially relevant for some purpose other than to show that the defendant committed the crime because he is a person of bad character; evidence which is relevant and material to an issue in the case is not inadmissible solely because it incidentally places a defendant's character in issue.[13]

---

[9] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[10] See *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[11] See *Sessions v. State*, 207 Ga. App. 609 (1) (428 SE2d 652) (1993).

[12] See *Marks v. State*, 182 Ga. App. 846 (357 SE2d 299) (1987).

[13] (Footnote omitted.) *Houston v. State*, 270 Ga. App. 456, 458-459 (1) (606 SE2d 883) (2004).

Clearly, the independent offenses showed Williams' bent of mind and course of conduct to enter automobiles in the early morning hours. The evidence was relevant and material to the charged offense. The trial court did not abuse its discretion in determining that the similar transaction evidence was admissible.

3. In his last enumeration of error, Williams contends he received ineffective assistance of trial counsel because his trial counsel (a) failed to secure a videotape of the alleged crime, (b) failed to file a motion to recuse the trial judge, (c) failed to file a motion to withdraw due to counsel's conflict with him, and (d) failed to subpoena the arresting officer as he requested.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[14] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[15] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[16] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[17]

(a) Williams' contention that his trial counsel failed to adequately investigate the case is without merit. In support of this contention, Williams includes three sentences in his brief, indicating that trial counsel failed to review the surveillance videotape of the alleged crime taking place and failed to show him the videotape. However, at the hearing on the motion for new trial, trial counsel testified that he obtained a copy of the videotape and that he determined, based on his investigation, that the tape "was of no quality one way or the other for me at trial." According to trial counsel, the videotape was corroborative of the dispatcher's testimony and not helpful to the defense. Trial counsel further testified that Williams did not ask to see the videotape until possibly the night before trial, and the jail did not have the facilities to watch the videotape.

---

[14] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).
[15] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).
[16] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).
[17] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.[18] Moreover, even if trial counsel's performance could be characterized as deficient in this regard, Williams has failed to show a reasonable probability that, but for trial counsel's error, the result of the proceeding would have been different. The videotape was not introduced into evidence at the hearing on Williams' motion for new trial and does not appear in the record. We have no means, therefore, to review its contents, and we decline to speculate about the contents of the video. Because Williams never introduced the tape itself into evidence, it is not possible to determine what the tape showed or how it would have impacted the result of his proceeding.[19] The trial court did not err in denying his motion for new trial on this basis.

(b) In a one-sentence argument, Williams claims his trial counsel was ineffective for failing to file a motion to recuse the judge because "Williams told him he intended to sue the judge and that he wanted a[n] order granting her recusal from the case." At the hearing on the motion for new trial, trial counsel testified that he disregarded Williams' request to file a motion to recuse the trial judge because it was not a legally valid reason for recusal. Under such circumstances, trial counsel's decision not to file a motion for recusal does not constitute ineffective assistance of counsel.[20] Nothing in the record or transcripts, including the hearing held on Williams' motion for new trial, suggests any impropriety or partiality by the trial judge. "Because the issue of the trial judge's alleged disqualification was meritless, [Williams] can show neither the deficient performance of his trial counsel nor prejudice, both of which are required in order to show ineffective assistance under constitutional standards."[21]

(c) In a similar one-sentence argument, Williams claims trial counsel was ineffective for failing to withdraw because Williams told trial counsel he intended to sue trial counsel. Trial counsel testified at the motion for new trial that he was not aware of any conflict between himself and Williams. And, Williams presented no evidence of a conflict that would warrant counsel's withdrawal from the case. While there is evidence that Williams and trial counsel did not agree on every aspect of the defense strategy, there is no evidence that the attorney-client relationship had deteriorated such that counsel was unable to be effective.

---

[18] See *Horne v. State*, 260 Ga. App. 640, 641 (2) (a) (580 SE2d 644) (2003).

[19] See *Woods v. State*, 275 Ga. 844, 849-850 (3) (d) (573 SE2d 394) (2002).

[20] See *Gillman v. State*, 239 Ga. App. 880, 884 (3) (522 SE2d 284) (1999) (counsel's strategic decision not to file recusal motion does not constitute ineffective assistance where counsel felt motion would not be granted and might be frivolous).

[21] (Footnote omitted.) *Butts v. State*, 273 Ga. 760, 763 (3) (546 SE2d 472) (2001).

A defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.[22]

Williams has failed to show that trial counsel was deficient in failing to file a motion to withdraw or a reasonable probability that the result of his proceeding would have been different but for the alleged deficiency. The trial court did not err in denying Williams' motion for new trial on this ground.

(d) In his enumeration of error, Williams contends his trial counsel was ineffective in failing to subpoena the arresting officer. However, in the argument section of his brief, Williams does not mention trial counsel's failure to subpoena the arresting officer, and he does not cite any facts or authority supporting this argument. He, therefore, has abandoned this argument on appeal.[23]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MAY 9, 2005.

*Darden, Burns & Burns, Jennifer R. Burns*, for appellant.
*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, Assistant District Attorney*, for appellee.

---

[22] (Citation and punctuation omitted.) *Phipps v. State*, 200 Ga. App. 18, 19 (406 SE2d 493) (1991).

[23] Court of Appeals Rule 25 (c) (2); *Ochoa v. State*, 252 Ga. App. 209, 211 (5) (555 SE2d 857) (2001).