A92A1252, A92A1253, A92A1254. WILLIAMS v. THE STATE
(three cases).
(422 SE2d 438)

Pope, Judge.

Defendant Darrell Williams was convicted of four criminal offenses pursuant to three separate trials. He appeals each conviction and we have consolidated the appeals for purposes of this opinion.

### Case No. A92A1252

In this case, defendant was convicted of the burglary of a residence in Bulloch County. The evidence presented at trial shows the burglary occurred on August 23, 1988. On August 25, while police conducted a search of the house in which defendant lived, for reasons unrelated to the burglary, they discovered in defendant's bedroom several items of jewelry which were taken in the burglary. After being duly informed of his rights, defendant denied committing the burglary and explained he received the jewelry from some boys in the street. Several weeks later he voluntarily stated to the investigating officer that he had been at the house at the time of the burglary but he did not go into the house.

1. Defendant argues the evidence was insufficient to sustain his conviction and the trial court erred in denying his motion for directed verdict. " 'The rule has been long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict.' . . . [W]hether or not a defendant's explanation of his possession of the stolen property was satisfactory or reasonable is a question for the jury. [Cit.]" *Brown v. State*, 157 Ga. App. 473, 474 (1) (278 SE2d 31) (1981). " 'Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.]" *Lunz v. State*, 174 Ga. App. 893, 895 (1) (332 SE2d 37) (1985). Here, the defendant's admission of presence at the scene of the burglary in conjunction with his possession of recently stolen goods, which the jury could find was unsatisfactorily explained, was sufficient to support the conviction as a party to the crime.

2. Because of our holding above, we reject defendant's argument that the trial court erred in charging the jury on the law of conviction as a party to a crime.

### Case No. A92A1253

3. In this case, defendant was convicted of aggravated assault and

possession of a firearm by a convicted felon arising out of a shooting incident which occurred on March 4, 1990, in Statesboro. Both the victim who was assaulted and an eyewitness testified that defendant shot at the victim several times with a .22 calibre weapon. We reject defendant's argument that the testimony concerning the particular weapon used by the defendant creates an inconsistency which makes the evidence insufficient to support his conviction. The direct testimony of the witnesses is ample evidence to support the verdict.

4. Defendant argues the trial court committed reversible error in its charge to the jury concerning the difference between the offense of aggravated assault and the lesser included offense of reckless conduct. The charge correctly stated the law and we reject defendant's argument that the charge unduly stressed the felony with which he was charged over the lesser included offense.

When the jury requested clarification of the difference between aggravated assault and reckless conduct, the trial court indicated in its instruction that aggravated assault is a felony and reckless conduct is a misdemeanor, "which is a less serious crime than a felony." Defendant argues this improperly injected punishment as an issue in the case. The charge, however, did not inform the jury of the possible punishments for either offense. "Although the characterization should not have been made, the court's instructions to the jury must be considered as a whole to determine whether there was reversible error. . . . [S]imple battery was being charged here as a 'lesser included' offense of aggravated assault, and the jury was so informed without objection. Thus the relative severity of punishment was already clearly implied, as a matter of common sense. To reverse because the judge labeled one crime a 'misdemeanor' when the jury knew that it was a 'lesser offense' and that it was 'simple' as opposed to 'aggravated' would be to ignore the obvious." *Cater v. State*, 176 Ga. App. 388, 389 (336 SE2d 314) (1985).

*Case No. A92A1254*

5. In this case defendant was convicted of escape from the county jail where he was lawfully confined after conviction of theft by receiving stolen property. The evidence presented at trial shows when the jailer came to serve a meal to the inmates, he was informed that one of the inmates had been accidentally locked into a smaller cell, contained within the large community cell where meals were served, and needed to be let out to eat. The jailer handed defendant the key and asked him to unlock the cell where the inmate was trapped. In addition to carrying out this task, the defendant surreptitiously unlocked the door to a catwalk from which he escaped the next day. Incredibly, defendant claims he was entitled to directed verdict because his testi-

mony that he did not have the idea to escape until he was handed the key established the unrebutted defense of entrapment. He also argues the trial court erred in refusing to charge the jury on the defense of entrapment.

By statutory definition, entrapment involves conduct which was "induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or agent of either . . . ." OCGA § 16-3-25. The unrebutted testimony of the jailer was that his intention in giving defendant the key was to release the trapped inmate from the accidentally locked cell and that he had no reason to believe the defendant would escape. However unwise the jailer's act, no evidence was presented to support the defense of entrapment and the trial court did not err in denying defendant's motion for directed verdict or in refusing to give the jury instructions requested by defendant on his sole defense of entrapment. See *Johnson v. State*, 246 Ga. 126 (II) (269 SE2d 18) (1980).

6. We also reject defendant's argument that the trial court erred in admitting into evidence certified copies of defendant's conviction and sentence for two counts of theft by receiving stolen property, battery and a previous conviction for escape. The indictment in this case charged defendant with escape "after having been convicted of the offense of theft by receiving stolen property (two counts) and escape . . . ." It is not error to admit evidence of prior convictions in a trial for the offense of escape since proof of lawful confinement, and in this case, proof of the specific facts alleged in the indictment, is a necessary element of proving the crime. See *Ingram v. State*, 237 Ga. 613 (2) (229 SE2d 416) (1976). That defendant stipulated that he was confined as a result of a revocation of his parole did not make it unnecessary to prove the facts of the specific convictions because the indictment alleged not simply that defendant escaped from lawful confinement but that he had been confined as a result of these specific convictions.

*Judgments affirmed. Johnson, J., concurs. Carley, P. J., concurs in Divisions 1, 2, 3, 4, 5 and in judgment.*

DECIDED SEPTEMBER 8, 1992.

*Michael J. Classens*, for appellant.

*R. Joseph Martin III, District Attorney, Richard A. Mallard, Assistant District Attorney*, for appellee.