## A01A2259. JONES v. THE STATE.
### (559 SE2d 119)

JOHNSON, Presiding Judge.

A jury found Marlon Jones guilty of possession of marijuana with intent to distribute. Jones challenges the sufficiency of the evidence supporting his conviction and the trial court's admission of evidence of a similar transaction. Because the challenges are without merit, we affirm Jones' conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Jones was arrested at his home during the execution of a search warrant. Peggy Sherman, Gary Davis, Edgar Merriweather and Jones were in the house at the time the search warrant was executed. During the search, officers found a Mountain Dew box containing four plastic sandwich bags of marijuana, each weighing about one-quarter pound, in a kitchen cabinet. Marijuana residue was found in a one-gallon plastic bag in the bathroom of the house and in a one-gallon plastic bag next to the television in the front room. In addition, a black book bag located in the hallway outside the bathroom contained two separate one-gallon plastic bags of marijuana, each containing about one-half pound, as well as a single, one-ounce sandwich bag of marijuana. A digital scale was found in a box of children's toys in the kitchen, and plastic sandwich bags were found on a chair near the kitchen cabinet containing the marijuana and in Jones' bedroom. Marijuana and a large sum of cash were also found on Merriweather's person.

Testimony at trial also established that the one-gallon bags containing marijuana and marijuana residue were all similar to each other and to the one-gallon bags used by Jones in his prior possession of marijuana with intent to distribute case, in which Merriweather was also a co-defendant.

Merriweather was tried as a co-defendant and entered a guilty plea. He admitted the drugs found in the home that night were his and testified that Jones did not know about the drugs. According to Merriweather, he used a key previously given to him by Sherman and placed drugs in the kitchen cabinet earlier that day. Moreover, Merriweather's fingerprints were found on the one-gallon bag in the bathroom, and Jones' prints were not found on any exhibit. Merriweather also testified, however, that when he put the marijuana in the house, it was in one-gallon bags. When found, half the marijuana had been broken into quarter-pound bags, and Merriweather testi-

fied that he was on the phone and waiting for a ride from the time he returned to the house at 12:00 a.m. until the drug raid at 1:30 a.m.

Sherman testified that she did not see any marijuana in the kitchen, by the television, in the hall or on the floor of the bathroom when she and Davis went to bed at 8:00 p.m.

Jones argues that the evidence was insufficient to support his conviction. He correctly points out that when a defendant is tried on circumstantial evidence, the evidence must exclude every reasonable hypothesis except that of guilt of the accused.[1] However, to support the jury's verdict, "[c]ircumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt."[2] Moreover, the question of whether the circumstances in a case are sufficient to exclude every reasonable hypothesis favorable to the accused is generally for the jury to decide.[3] And, only where the conclusions based on the evidence are insufficient as a matter of law may the jury's verdict be disturbed, even where the evidence is circumstantial.[4]

> [T]his of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law.[5]

In the present case, it is apparent that the jury concluded that Merriweather's testimony was not believable or did not present a *reasonable* hypothesis which the state would have been required to exclude. The jury was not required to believe Merriweather's testimony that the marijuana was his.[6] It is not our job as an appellate court to speculate what evidence the jury chose to believe.[7] The fact is, there was sufficient evidence from which a reasonable jury could find that Jones was guilty beyond a reasonable doubt of possessing marijuana with intent to distribute. Accordingly, this enumeration is without merit.

---

[1] OCGA § 24-4-6; *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994).

[2] *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

[3] *Gresham v. State*, 246 Ga. App. 705, 707 (2) (541 SE2d 679) (2000).

[4] *Webb v. State*, 249 Ga. App. 214, 216 (1) (547 SE2d 767) (2001).

[5] (Footnote omitted.) *Gresham*, supra at 707-708 (2).

[6] See *Crenshaw v. State*, 248 Ga. App. 505, 507 (1) (546 SE2d 890) (2001); *Tran v. State*, 246 Ga. App. 153, 159 (6) (539 SE2d 862) (2000).

[7] *Gresham*, supra at 708 (2).

2. Jones contends the trial court erred in admitting his prior conviction for possession of marijuana with intent to distribute. According to Jones, the prior conviction was not similar to his current charge for possession of marijuana with intent to distribute because the prior offense occurred in a different county in Georgia and resulted from an arrest on the interstate. We find this argument unavailing.

On appeal, we uphold a trial court's decision to admit evidence unless that decision is clearly erroneous.[8] Here, the trial court found that evidence of Jones' prior possession of marijuana with intent to distribute conviction was admissible as it related to Jones' course of conduct, bent of mind and intent. Thus, the trial court admitted the evidence of the similar transaction for proper purposes.[9]

As for the degree of similarity between the two offenses, we note that the similar transaction need not be identical to the charged offense to be admissible.[10] On appeal, we focus on the similarities between the offenses rather than the differences. Here, Jones was discovered with Merriweather in both offenses, the amount of marijuana in both offenses was sufficient to constitute the offense of possession with intent to distribute and the packaging of the marijuana in both offenses was similar and unusual. Where the main issue is whether Jones knew about the marijuana in his house, evidence that he had previously pled guilty to possessing marijuana with intent to distribute was clearly relevant in establishing his bent of mind.[11] Accordingly, the trial court did not err in admitting evidence of the similar transaction for this purpose.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 18, 2002 — 

*Gregory A. Voyles*, for appellant.
*J. David Miller, District Attorney, J. Bennett Threlkeld, Assistant District Attorney*, for appellee.

---

[8] *Jackson v. State*, 251 Ga. App. 781, 782 (1) (555 SE2d 136) (2001).
[9] See id.
[10] *Crenshaw*, supra at 508-509 (3).
[11] See id. at 509.