## A09A0402. NORFUL v. THE STATE.
(674 SE2d 633)

JOHNSON, Presiding Judge.

A jury found Yahrince Norful guilty of burglary. Norful appeals, alleging the evidence was insufficient to support the jury's verdict. We find no error and affirm his conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2]

Viewed in that light, the evidence showed that the victim lived in a duplex residence. Norful, his mother, and his younger brother lived in the other part of the duplex residence. On September 13, 2006, the victim left her laptop computer on a table while she went to lunch. She locked the door and windows, and she did not give anyone permission to enter her home. When she returned from lunch, she found her computer was gone. The victim called the police.

When the police arrived, they noticed there were no signs of forced entry. Officers also discovered insulation on the carpet in the hallway of the victim's residence below the attic door. The victim testified that she had never been in the attic space because of medical problems, that there was no insulation in the hallway before she left for lunch, and that she would have noticed the insulation on her floor because she vacuums all the time.

Believing that the perpetrator had entered the victim's residence through the attic access, officers went to Norful's residence to see if he had heard any noises in the attic or if the perpetrator was

---

[1] *Rivera v. State*, 293 Ga. App. 215, 216 (666 SE2d 739) (2008).
[2] Id.

in his side of the duplex. They knocked on Norful's front and back doors for three to five minutes with no response, but then heard a loud bang from inside the residence. An officer testified that the sound he heard while standing outside Norful's residence sounded exactly like the sound he later heard when he closed the attic access door in Norful's residence. Another officer testified that he heard "a lot of bumping around" inside the apartment.

Norful eventually answered the door, claiming he had been sleeping. Norful was the only occupant in the residence. Officers asked whether he had an attic access door, and he initially replied no, but then showed them his attic access door. Norful gave officers permission to search the attic to look for the burglary suspect. The attic space spanned the entire duplex. In the attic, an officer noticed there was a well-worn path in the attic insulation. This path went from Norful's side of the duplex to the victim's attic access door. The stolen computer, power cord, and mouse were discovered in the attic area between the victim's side of the duplex and Norful's side of the duplex.

An officer returned to Norful's residence and observed pieces of insulation on the carpet similar to that located in the attic and in the victim's hallway. The officer then located a pair of shoes that had small pieces of insulation attached to the top and sides. Norful told the officer that these shoes belonged to him. Officers located additional attic insulation in Norful's bedroom, near the bed where he had allegedly been sleeping.

Norful contends the evidence was insufficient to support the jury's verdict because there was no direct evidence that he took the computer. While the evidence was circumstantial, we find it sufficient to authorize a rational trier of fact to find Norful guilty beyond a reasonable doubt of burglary.

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters the dwelling house of another.[3] To warrant a conviction on circumstantial evidence, the proven facts must exclude every other reasonable hypothesis except the guilt of the accused.[4] The state is not required to remove every possibility of innocence of the crime charged, and it is not required to disprove bare possibilities that the crime could have been committed by someone else.[5] Whether a hypothesis is reasonable and whether every other hypothesis except the guilt of the accused has been excluded are generally questions for

---

[3] OCGA § 16-7-1 (a).

[4] OCGA § 24-4-6.

[5] See *Rivera*, supra; *Harris v. State*, 222 Ga. App. 56, 58 (2) (473 SE2d 229) (1996).

the jury to decide.[6] Because jurors are able to hear and observe the witnesses, they are better able than this Court to judge the reasonableness of a hypothesis raised by the evidence, and this Court will not disturb their finding unless it is unsupportable as a matter of law.[7]

Although circumstantial, the evidence in this case was sufficient to authorize a rational trier of fact to conclude that all reasonable hypotheses were excluded save Norful's guilt.[8] Norful argued that another person could have entered the apartment and hidden the computer in the attic, and he claimed that the attic insulation was in his house and on his shoes because he and his brother had gone to the attic to get some stored clothing. However, the jury was authorized to disbelieve this testimony and to discount Norful's hypotheses as unreasonable. We cannot say that the verdict is unsupportable as a matter of law, and we will therefore not disturb it.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 3, 2009.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.

---

[6] See *Rivera*, supra.

[7] See *Moore v. State*, 277 Ga. App. 474-476 (1) (627 SE2d 107) (2006); *Rolling v. State*, 275 Ga. App. 902, 905 (1) (622 SE2d 102) (2005).

[8] *Rolling*, supra.