## A10A1119. ENGLISH v. THE STATE.
(696 SE2d 106)

JOHNSON, Judge.

A jury found Markus English guilty of possession of less than one ounce of marijuana, possession of marijuana with the intent to distribute, possession of marijuana with the intent to distribute within 1,000 feet of a school, and possession of marijuana with the intent to distribute within 1,000 feet of a housing project. The jury found him not guilty of possessing more than one ounce of marijuana. English appeals, alleging the evidence was insufficient to support his convictions because it was circumstantial, did not exclude every other reasonable hypothesis, and was inconsistent. He does not raise any argument regarding his proximity to the school or housing project. English also argues the trial court erred in admit-

---

ting a cell phone allegedly belonging to him. We find no error and affirm English's convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court neither weighs the evidence nor judges the credibility of witnesses, but only determines the sufficiency of the evidence.[1] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

Viewed in that light, the evidence shows that an officer initiated a traffic stop of a car driven by Jeffery Woods because the car had on its high beams and window tinting that was too dark. English was a passenger in the car. The car was stopped within 30 feet of an elementary school and 15 feet from a housing project. A second officer who stopped to assist described Woods as "very lethargic, slow moving." Suspecting Woods to be under the influence of drugs or alcohol, the officer instructed him to exit the car. The officer then performed a pat-down search of Woods and discovered a large bag of marijuana in his front pants' pocket. The large bag contained approximately 30 smaller bags of marijuana weighing approximately 36.2 grams.

An officer then searched English and found $950 in cash. A cell phone was removed from English's pocket and placed on the hood of the patrol car. When the officer opened the phone, he observed a photograph of a large sum of money spread out on a table and the words "I get money" on the front. A further search of the phone revealed more photographs of the money and a picture of a green bale that the officer believed to be marijuana. According to the officer, the cell phone was ringing constantly, so he turned it off. A subsequent search of the car produced an additional $4,800 in cash found in the glove box and a small empty bag like those found on Woods in the front passenger seat where English had been sitting. According to the officer, the bag smelled like it had marijuana residue in it. The cell phone and other evidence were seized and taken to the Rome Police Department, where they were placed in the secured evidence locker.

At trial, Woods testified that the $4,800 found in the glove box

[1] *Cochran v. State*, 300 Ga. App. 92 (684 SE2d 136) (2009).
[2] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).
[3] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

belonged to English. Woods further testified that he took the picture of the marijuana found on English's phone when he borrowed the phone. English claimed the money found on him and in the glove box was his aunt's tax return money, given to English so he could pay off a car note.

English argues on appeal that the evidence was insufficient to support his convictions because it was entirely circumstantial and did not eliminate every other reasonable hypothesis. We disagree.

To warrant a conviction based on circumstantial evidence, "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[4] However, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt.[5] Under this rule, the state is not required to remove every possibility of innocence of the crime charged.[6]

Here, the evidence supported the jury's conclusion that English constructively possessed the marijuana located in Woods' pocket.[7] Testimony established that drug dealers often work in pairs; one person possesses the drugs and the other person possesses the money. In addition, a large amount of cash was found on English and in Woods' glove box, a small empty bag with marijuana residue, similar to those located on Woods, was discovered in English's seat, pictures of marijuana and cash were found on English's cell phone, and Woods testified that he and English were "pretty tight."

While English argues that the cash in his possession was from a legitimate source and for a legitimate purpose and that he did not know Woods possessed more than an ounce of marijuana, "[w]hether any given hypothesis is reasonable is a question for the jury, and we will not disturb the jury's finding in this regard unless it is unsupportable as a matter of law."[8] "After having heard the witnesses and having observed them testify, [the jury is] more capable of judging the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law."[9] Here, it is apparent that the jury concluded English's testimony was not believable or did not present a reasonable

---

[4] OCGA § 24-4-6.

[5] See *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987).

[6] See *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769) (1994).

[7] See *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002) (a person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing, even shared with another person, is then in constructive possession of it).

[8] *Slaughter v. State*, 282 Ga. App. 276, 280 (3) (638 SE2d 417) (2006).

[9] (Footnote omitted.) *Jones v. State*, 253 Ga. App. 376, 377 (1) (559 SE2d 119) (2002).

hypothesis. It is not our job as an appellate court to speculate about what evidence the jury chose to believe.[10] Since the combined circumstantial evidence was sufficient for a rational trier of fact to conclude that English was guilty beyond a reasonable doubt of possession and possession with intent to distribute, we will not disturb those verdicts.[11]

2. English contends the evidence was insufficient to support his convictions for possession with intent to distribute because the jury found him guilty of possessing less than one ounce of marijuana and not guilty of possessing more than one ounce of marijuana. According to English, the jury cannot find him guilty of possession with intent to distribute without also finding him guilty of possessing more than one ounce of marijuana. We disagree.

The way in which the jury reaches its verdict does not have to be explained, nor does it have to be completely logical. In fact, the Supreme Court has abolished the rule against inconsistent verdicts.[12] Thus, appellate courts need not invalidate a conviction on a compound offense (such as the offense of possession with intent to distribute in the present case) that is logically inconsistent with an acquittal on the predicate offense (in this case, possession of more than one ounce of marijuana) because the appellate court cannot know and should not speculate why a jury acquitted on the predicate offense and convicted on the compound offense.[13] "The reason could be an error by the jury in its consideration or it could be mistake, compromise, or lenity, but as a matter of prudence, the conviction on the compound offense should be upheld so long as the evidence will support it."[14] Here, as we found in Division 1, the evidence supports the jury's verdict finding English guilty beyond a reasonable doubt of possession with intent to distribute, and we will not disturb that ruling.

3. English argues the trial court erred in admitting his cell phone into evidence because the state failed to establish a proper chain of custody. However, a cell phone is a distinct item that does not require proof of the chain of custody. "Items of evidence which are distinct and recognizable physical objects, such that they can be identified by the sense of observation, are admissible into evidence without the necessity of showing a chain of custody."[15]

---

[10] Id.

[11] See *Cochran*, supra at 95-96 (1) (a).

[12] See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[13] See *King v. Waters*, 278 Ga. 122, 123 (1) (598 SE2d 476) (2004).

[14] Id.

[15] *Morales v. State*, 286 Ga. App. 698, 703 (5) (649 SE2d 873) (2007) (admission of cell phone).

English argues that his cell phone, while distinct and recognizable, contained fungible electronic images of cash and drugs, and the state should have been required to prove chain of custody regarding these fungible images. However, English acknowledges that no Georgia case has determined whether electronic images should be considered fungible. We decline to find that the electronic images in this case were inadmissible, especially given the fact that they were authenticated in court and the Supreme Court has held that when determining whether the evidence presented was sufficient to authorize a jury to conclude beyond a reasonable doubt that the defendant was guilty of a crime charged, even evidence wrongfully admitted due to lack of authentication may be considered.[16]

Here, an officer testified that he obtained English's cell phone and followed the proper evidentiary procedures to preserve its integrity. When handed the cell phone in court, the officer testified that it was the same phone he seized from English. Moreover, Woods testified that he was familiar with the images on the cell phone and even took several of them. This enumeration of error lacks merit.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 1, 2010.

*Randall C. Schonder*, for appellant.
*Leigh E. Patterson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.

---

[16] See *Phagan v. State*, 268 Ga. 272, 277 (3) (b) (486 SE2d 876) (1997) (admission of videotape).