305 Ga. 463
FINAL COPY

S18A1321.  DENNARD v. THE STATE.

BENHAM, Justice.

In September 2014, Appellant Angelo Dennard was convicted of murder and associated crimes related to the shooting death of his estranged wife, Diana Cruz-Sagrero.[1]  On appeal, Dennard contends that there was insufficient evidence to support his convictions for two counts of cruelty to children in the

_____

[1]  The crimes occurred on June 16, 2013.  On July 31, 2014, a DeKalb County grand jury returned an indictment on charges of malice murder, two counts of felony murder, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and two counts of cruelty to children in the third degree.  Following a trial that took place August 25-September 2, 2014, a jury returned verdicts of guilty on all charges.  The trial court sentenced Dennard to life in prison for malice murder, a consecutive five-year term to serve for possession of a firearm by a convicted felon, a consecutive five-year term to serve for possession of a firearm during the commission of a felony, and consecutive twelve-month terms to serve on each of the two counts of cruelty to children in the third degree.  The felony murder counts were vacated as a matter of law and the aggravated assault count merged for sentencing purposes.  Dennard moved for a new trial on September 29, 2014, and amended the motion on February 27, 2018. On March 8, 2018, the trial court held a hearing on the motion for new trial, as amended, and the trial court denied the motion on March 22, 2018.  Dennard filed a notice of appeal on March 28, 2018. Upon receipt of the record from the trial court, the appeal was docketed to the August 2018 term of this Court and submitted for a decision on the briefs.

third degree and that evidence of a prior felony conviction was wrongfully admitted. Finding no reversible error, we affirm.

Viewed in the light most favorable to the verdicts, the evidence adduced at trial showed as follows. Dennard and Cruz-Sagrero were romantically involved intermittently for approximately eleven years and had children together. Their relationship had been violent from the start, and Cruz-Sagrero had broken off the relationship several times, only to return to Dennard. At the time the crimes occurred, Cruz-Sagrero had left Dennard without a desire to reconcile and was living with her best friend because Dennard had "put her out" of their shared residence.

Dennard's mother, Stephanie Dennard, had custody of the children at the time the crimes occurred. On June 16, 2013, which was Father's Day, Dennard called Stephanie to speak to his children but was informed that they had already left with Cruz-Sagrero. Dennard repeatedly called his mother throughout the day to inquire as to whether the children had returned and grew increasingly frustrated when the children were not returned by 5:00 p.m. During one of the calls, Dennard told his mother that Cruz-Sagrero was taking his children around

other men "to play daddy" with them at someone else's house.

Cruz-Sagrero returned with the children around 10:00 p.m., and Stephanie told her that Dennard had been repeatedly calling and asking about the children. Stephanie recommended that Cruz-Sagrero call a cab before Dennard arrived because she did not want any "cussing and screaming and fighting" about where she and the kids had been. Cruz-Sagrero called a cab, but Dennard arrived before the cab and began playing with the children in the living room by the front door. Cruz-Sagrero chose to wait in one of the children's rooms because she was afraid of Dennard, and when the cab arrived, she ran out the front door to the awaiting vehicle. Stephanie testified that she tried to stand in the doorway to prevent Dennard from following Cruz-Sagrero, but that he pushed her out of the doorway. Stephanie and the two children followed Dennard outside and stood on the front porch as he went after Cruz-Sagrero.

Cruz-Sagrero was heading straight for the cab but stopped in the front yard when Dennard yelled her name. Dennard and Cruz-Sagrero briefly exchanged words; Dennard then pulled out a gun and shot her. Stephanie hurriedly grabbed the two children and ran inside to the bathroom and called

3

911.  In the recording of the call — which was admitted into evidence — Stephanie told the dispatcher that Dennard had shot Cruz-Sagrero three times and that "[Dennard] shot [her] right in front of the kids."  In that recording, the children could be heard screaming, "He killed my mommy."

When officers from the DeKalb County Police Department responded to the scene, they noted that Cruz-Sagrero was still alive and that she had suffered a gunshot wound to the face.  Stephanie told responding officers that Dennard shot Cruz-Sagrero and officers reported that the children asked their grandmother, "[W]hy did daddy shoot mommy?"  Stephanie also told officers that she believed Dennard had fled on foot.  Cruz-Sagrero was transported to Grady Memorial Hospital but died within 24 hours.  After several weeks of searching, the United States Marshals Service took Dennard into custody July 3, 2013.

A GBI medical examiner performed the autopsy on Cruz-Sagrero and found that she had sustained three gunshot wounds: one that grazed her thigh; a nonfatal wound to the abdomen; and, in the examiner's opinion, a fatal shot that struck just beneath her left eye and injured critical portions of her brain.

4

Cruz-Sagrero's face had tight stippling from gunpowder coming out of the muzzle of the gun, which indicated the fatal shot was fired about one foot from her face.

1. Dennard argues that the evidence presented was insufficient to find him guilty of third-degree cruelty to children. We disagree.

When reviewing the sufficiency of the evidence, the defendant is no longer presumed innocent, and all of the evidence is to be viewed in a light most favorable to the jury verdicts. *Batten v. State*, 295 Ga. 442, 443 (1) (761 SE2d 70) (2014). A person commits the crime of cruelty to children in the third degree when that person, "who is the primary aggressor, having *knowledge* that a child under the age of 18 is present and sees or hears the act, commits a forcible felony, battery, or family violence battery." (Emphasis supplied.) OCGA § 16-5-70 (d) (2).

According to Dennard, he was unaware that the children were present outside because they were behind him and had followed him without his knowledge. However, there was evidence presented that Dennard was playing with the children in the living room near the front door immediately before he

followed Cruz-Sagrero out that door and, further, that the shooting took place in the front yard, just feet from the apartment. Thus, there was sufficient evidence from which a reasonable juror could conclude that Dennard shot Cruz-Sagrero with knowledge that his children would hear or see him commit the forcible felony. See *Paslay v. State*, 285 Ga. 616, 617 (1) (680 SE2d 853) (2009) (sufficient evidence of cruelty to children in the third degree where father shot mother inside residence and children were outside waiting in vehicle).

Further, though Dennard does not challenge the sufficiency of the evidence with respect to the remaining convictions, in accordance with this Court's standard practice in appeals of murder cases, we have reviewed the record and find that the evidence, as stated above, was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of those offenses. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Dennard also argues that he is entitled to a new trial because, he says, the trial court improperly allowed the State to introduce evidence of his prior felony convictions, namely, his April 2004 convictions for possession of

cocaine, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony.

In relevant part, OCGA § 24-6-609 (b) provides as follows:

> Evidence of a conviction under this Code section shall not be admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

Dennard contends the trial court erred by permitting the State to adduce his felony convictions that were more than ten years old without first making on-the-record findings that the probative value of the prior convictions outweighed their prejudicial effect. However, even assuming the trial court erred in this case, that error does not require a reversal. Though Dennard claims that the admission of his prior felony convictions "skewed the jury's perception" of him and mitigated his defense of provocation, the evidence of murder was overwhelming, while the evidence of provocation was scant at best. See *Stroud v. State*, 301 Ga. 807, 812 (2) (804 SE2d 418) (2017) (noting that "[t]he test for determining nonconstitutional harmless error is whether it is highly probable

that the error did not contribute to the verdict"(citation and punctuation omitted)).  Indeed, the jury heard that Dennard had previously been violent with Cruz-Sagrero; that he was angry with her because he had been unable to see his children on that day; that Dennard had accused Cruz-Sagrero of visiting other men; that Dennard followed Cruz-Sagrero from Stephanie's residence as she tried to leave; and that, though unarmed, Cruz-Sagrero was shot numerous times at close range after a brief exchange of words.  Consequently, any error here is harmless.  See *Perez v. State*, 303 Ga. 188, 191 (2) (811 SE2d 331) (2018) (erroneous admission of hearsay evidence harmless where evidence of murder was overwhelming).

Judgment affirmed.  All the Justices concur.

Decided March 11, 2019.

Murder. DeKalb Superior Court. Before Judge Adams.

Jackie L. Tyo, Tyler R. Conklin, for appellant.

Sherry Boston, District Attorney, Emily K. Richardson, Zina B. Gumbs, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General, for appellee.