306 Ga. 101
FINAL COPY

S19A0565.  GOLSON v. THE STATE.

BLACKWELL, Justice.

Adrian Lamar Golson was tried by a Tift County jury and convicted of murder in connection with the fatal shooting of Arlester Jackson, Jr. Golson appeals, claiming only that he was denied the effective assistance of counsel. He failed, however, to preserve that claim for appellate review, and we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence shows that Golson and Jackson were engaged in a prolonged dispute for several weeks in October 2012. On the evening

---

[1] Jackson was killed in October 2012. A Tift County grand jury indicted Golson in September 2015, charging him with murder with malice aforethought, murder in the commission of a felony (aggravated assault), and aggravated assault. Golson was tried in September 2015. The jury acquitted Golson of malice murder but found him guilty of felony murder and aggravated assault. The trial court sentenced Golson to imprisonment for life without the possibility of parole for murder, and the aggravated assault merged into the murder. Golson timely filed a motion for new trial, and the trial court denied that motion in March 2018. Golson then timely filed a notice of appeal. The case was docketed in this Court for the April 2019 term and submitted for decision on the briefs.

of October 27, Golson encountered Jackson on Cherry Street in Ty Ty, Georgia. Golson was carrying a .380 pistol, but Jackson was unarmed. Golson confronted Jackson, asking Jackson about threats that had been attributed to him. Jackson responded: "[Y]ou heard what . . . I said." Golson then shot Jackson six times, twice in the head. Jackson died at the scene. The evidence presented at trial, when viewed in the light most favorable to the verdict, is sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Golson is guilty of the crime of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Golson claims that he was denied the effective assistance of counsel at trial because his lawyer failed to object to testimony about statements made by Jackson on the day that he was killed. Golson, however, did not raise this claim below, notwithstanding that he was represented by new counsel in connection with his motion for new trial and had an opportunity to raise it. See Chatman v. Mancill, 280 Ga. 253, 255 (1) (626 SE2d 102) (2006). Because Golson failed to

raise the claim "at the earliest practicable moment," he failed to preserve this claim for appellate review. See <u>Bailey v. State</u>, 264 Ga. 300, 300 (443 SE2d 836) (1994).

<u>Judgment affirmed. All the Justices concur.</u>

Decided June 3, 2019.

Murder. Tift Superior Court. Before Judge Crosby, Senior Judge.

<u>H. Burton Baker</u>, for appellant.

<u>C. Paul Bowden, District Attorney, Robert A. Rogers, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General</u>, for appellee.