**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

October 12, 2023

# In the Court of Appeals of Georgia

A23A1029. JOHNSON v. THE STATE.

MILLER, Presiding Judge.

Marquice Johnson seeks review of his conviction and sentence after a Sumter County jury found him guilty of first-degree burglary. On appeal, he argues that (1) the evidence was insufficient to support his conviction because the evidence failed to show that he entered the victim's residence and it failed to exclude the reasonable hypothesis that someone else committed the burglary; (2) his trial counsel was ineffective for numerous reasons; (3) the trial court erroneously admitted photos, text messages, and statements by Johnson's mother; and (4) the cumulative effect of these errors warrants a new trial. Upon considering the record and the relevant law, we reject all of these allegations of error and affirm Johnson's conviction, sentence, and the denial of his motion for new trial.

Viewed in the light most favorable to the jury's verdict,[1] the evidence at trial showed that Ashley Goodman resided on Clara Drive in Sumter County, Georgia. One evening in May 2014, Goodman was with her friend Tara Hawkins and some others at a get-together in a nearby portion of their neighborhood when they noticed Johnson and some of his friends there as well. Goodman and Hawkins both knew Johnson from around the neighborhood and knew him by the nickname "Laid-back."

Later in the evening, Goodman and Hawkins returned to Goodman's house, and when they arrived, Goodman noticed that her daughter's bedroom window was shattered. Goodman looked through the window and saw someone looking around the room. Goodman attempted to enter the house through the back door, but "it was jammed, like somebody had tried to kick it in." When Goodman circled around to the front door, someone "burst out the front door," and Goodman chased the individual down the street. The individual fled into the woods, at which point Goodman stopped the pursuit. As Hawkins came up to the house, she saw Johnson run out of the house. Hawkins chased after Johnson until she saw him drop his phone, at which point she stopped running and picked up the phone. The two women checked the path where Johnson ran and also found an iPod.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

When Goodman surveyed her house afterward, she found that it was "wrecked." Multiple items in her daughter's room were missing, and food kept in her kitchen had been eaten. A 50-inch television set had been taken off a stand and placed on the sofa, and two other televisions and her mother's wedding band had been stolen. Goodman and Hawkins went through the contents of the phone that Johnson dropped and saw several photos of Johnson as well as text messages that indicated that the phone belonged to him. Law enforcement searched the house, determined that the shattered window was the point of entry into the home, and retrieved the iPod and phone. Law enforcement retrieved a photograph from the iPod of a black male and, after learning of Johnson's name from Goodman, conducted a search of Johnson's Facebook page to discover that the photograph depicted on the iPod was of Johnson.

A grand jury indicted Johnson on one count of first-degree burglary, OCGA § 16-7-1 (b). The jury found Johnson guilty, and the trial court sentenced him to 20 years' imprisonment. Johnson timely filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. In two related enumerations of error, Johnson argues that the evidence was insufficient to convict him of burglary because the evidence was insufficient to establish that he had entered Goodman's house and because the evidence failed to

exclude other reasonable hypotheses beyond a reasonable doubt. We conclude that the evidence was sufficient to sustain his conviction.

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citation omitted.) *Powell v. State*, 310 Ga. App. 144 (712 SE2d 139) (2011).

"A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another[.]" OCGA § 16-7-1 (b) (2014). Additionally, we have been clear that

> burglary does not require a completed theft, but merely the intent to commit a theft. The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial. An intent to steal may be inferred when the evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside.

(Citation and punctuation omitted.) *Villegas v. State*, 334 Ga. App. 108, 109-110 (1) (778 SE2d 363) (2015). Furthermore, although mere presence at the scene of a crime

4

is insufficient to prove guilt, "criminal intent may be inferred from presence, companionship, and conduct before, during and after the offense." (Citation omitted.) *Wood v. State*, 300 Ga. App. 674, 676 (686 SE2d 319) (2009).

Here, Goodman testified that she came home on the evening in question and found her house was "wrecked." Items in her daughter's room were missing, and food kept in her kitchen had been eaten. A 50-inch television set had been taken off a stand and placed on the sofa, and two other televisions and her mother's wedding band had been stolen. Goodman testified that her back door appeared to have been kicked in, and both she and law enforcement observed that a window on the side of the house was shattered. Hawkins testified that, when she and Goodman arrived at the house, she saw Johnson "com[e] out of the house" and flee the scene and that Johnson continued to flee after Hawkins pursued him. Hawkins knew Johnson from the neighborhood and "recognized [him] *immediately*." This evidence was sufficient to establish that Johnson had entered into Goodman's house without authority and that he intended to commit a theft as required to sustain a conviction for burglary. See *Westmoreland v. State*, 281 Ga. App. 497, 499-500 (2) (636 SE2d 692) (2006) (evidence sufficient to establish burglary where evidence showed that the window frame to the home had been "bent," eyewitnesses saw the defendant on the premises,

several valuable items had been moved or disconnected, and the defendant fled the scene once police had been called).

We also reject Johnson's argument that the evidence was insufficient because it failed to exclude the reasonable hypothesis that the other man who was found in Goodman's home was the culprit of the offense. First, we note that the State's case was not wholly circumstantial because of Hawkins' testimony that she observed Johnson running out Goodman's home as she approached the home. See *Gadson v. State*, 303 Ga. 871, 874 (2) (815 SE2d 828) (2018) (explaining that "direct evidence is that which is consistent with either the proposed conclusion or its opposite, whereas circumstantial evidence is that which is consistent with both the proposed conclusion and its opposite,"and concluding that the defendant's case was circumstantial where there was no direct evidence placing the defendant at the apartment at the time of the burglary.) (citation and punctuation omitted). Still,

> to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Nevertheless, the state is not required to remove every possibility of innocence of the crime charged, and it is not required to disprove bare possibilities that the crime could have been committed by someone else. Questions as to the reasonableness of hypotheses are

6

generally to be decided by the jury which heard the evidence. Where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Citations and punctuation omitted.) *Wood*, supra, 300 Ga. App. at 677.

Here, Johnson specifically points to evidence at trial that showed that the fingerprints of someone named William Moore were found on a television set in Goodman's house. As stated above, however, Hawkins testified that, when she and Goodman arrived at the house, she saw Johnson "com[e] out of the house," she "recognized him *immediately*," and he fled the scene. And immediately after Johnson was seen exiting the house, Goodman found her house was "wrecked" as described above.

Thus, we conclude that the evidence was sufficient to establish that Johnson was a perpetrator of the offense, and, accordingly, we conclude that the evidence was sufficient to support Johnson's burglary conviction.[2]

---

[2] To the extent Johnson appears to argue that the trial court erred by denying his motion for new trial based on the general grounds, we note that "[a]ppellate courts do not sit as arbiters of the general grounds, which are solely within the discretion of the trial court." (Citation and punctuation omitted.) *Smith v. State*, 354 Ga. App. 782,

7

2. Johnson next argues that his trial counsel provided ineffective assistance in a variety of respects. Upon a close review of the record, we determine that these arguments fail and that Johnson has not shown that his trial counsel was ineffective.

> [I]n general, when a defendant claims that his trial counsel was ineffective, he has the burden of establishing that (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. And when a trial court determines, as the court below did here, that a defendant did not receive ineffective assistance, we will affirm that decision on appeal unless it is clearly erroneous.

(Citations and punctuation omitted.) *Pepe-Frazier v. State*, 331 Ga. App. 263 (770 SE2d 654) (2015). Additionally, if a defendant fails to establish one of the prongs, "we need not examine the other." *Robinson v. State*, 308 Ga. 543, 553 (3) (842 SE2d 54) (2020).

(a) Johnson first argues that his trial counsel was ineffective for failing to object to hearsay evidence offered by the lead investigating officer, Allison Goodall, which was used to help identify Johnson as a perpetrator of the burglary. We conclude that Johnson cannot show prejudice from this alleged failure to object.

784 (2) (841 SE2d 444) (2020).

8

"Hearsay means a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (Punctuation omitted.) OCGA § 24-8-801 (c). "Hearsay shall not be admissible" unless it falls within a specific statutory exemption. OCGA § 24-8-802. Here, in the course of explaining her investigation of the case, Officer Goodall testified that Goodman and Hawkins had told her to come pick up the phone, at which point she testified that "they told me at that time that's who it was was [sic], Marquice Johnson. And they said that they had recognized him when he was running through the woods."

Putting aside the question of whether this statement is objectionable hearsay, we note that Hawkins testified at trial that she and Goodman told law enforcement that Johnson was the perpetrator. Johnson did not object to this testimony, nor does he argue on appeal that this testimony was somehow improper. The testimony by Officer Goodall is therefore cumulative of other evidence in the record, and so Johnson cannot show that he was prejudiced so as to support an ineffective assistance claim. See *Payne v. State*, 314 Ga. 322, 330 (3) (b) (877 SE2d 202) (2022) (no prejudice shown from alleged failure to object to hearsay testimony because the same fact was presented to the jury through other, uncontested evidence).

9

(b) Johnson next argues that trial counsel was ineffective for failing to object to the admission of a photo from Johnson's Facebook page which Goodall allegedly used to identify Johnson. He argues that the State failed to establish the proper foundation for its authentication.

"The requirement of authentication or identification as a condition precedent to admissibility shall be satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." OCGA § 24-9-901 (a). "[D]ocuments from electronic sources such as the printouts from a website like Facebook are subject to the same rules of authentication as other more traditional documentary evidence and may be authenticated through circumstantial evidence." (Emphasis and citations omitted.) *Johnson v. State*, 348 Ga. App. 667, 675 (1) (b) (824 SE2d 561) (2019). "[T]here are no special rules under Georgia law governing the authentication of electronic documents or communications. . . . [O]nce the party seeking to authenticate a document presents a prima facie case that the proffered evidence is what it purports to be, the evidence is admitted and the ultimate question of authenticity is decided by the jury." (Citations and punctuation omitted.) Id.

The photograph in question was a screenshot that Officer Goodall took from Johnson's Facebook page. The photograph depicted Johnson holding an iPod which

10

matched the iPod that was found at the scene. The photograph listed the name "Marquice Johnson" at the top of the page, and a Facebook URL was listed at the bottom of the page. Officer Goodall testified that the photograph submitted into evidence was the same picture that she found on Johnson's Facebook page and that the picture was a fair and accurate description of what she found on her computer. The State therefore properly authenticated the photograph, and so counsel was not deficient for failing to object on this basis. See *Pierce v. State*, 302 Ga. 389, 396 (2) (a) (807 SE2d 425) (2017) (photos of text messages sent by the defendant were properly authenticated when an investigating officer testified that photos he took of the phone's screen were a fair and accurate representation of the messages that appeared on the phone to which the messages were sent); see also *Wesley v. State*, 286 Ga. 355, 356 (3) (a) (689 SE2d 280) (2010) ("[F]ailure to make a meritless objection cannot be evidence of ineffective assistance[.]") (citation omitted).

(c) Johnson also argues that his trial counsel was ineffective for failing to object to multiple instances where Officer Goodall examined her case notes to refresh her memory, arguing that such testimony reflected a lack of personal knowledge because Officer Goodall was essentially answering questions directly from her notes and that her testimony did not conform with the requirements for allowing refreshed

11

recollection testimony. The transcript shows that when Officer Goodall referred to her notes, there was a break in her testimony reflecting that she was looking at her notes before she continued with her answer. At the motion for new trial hearing, the trial court specifically noted that it would not have allowed a witness to read directly from her file to the jury. More importantly, Johnson does not argue how Officer Goodall's testimony or the fact that she was able to refresh her memory from her own notes to answer questions caused him prejudice, nor does he specify what evidentiary mechanism was lacking for which trial counsel should have objected. See generally OCGA § 24-6-612 (a) (providing that a witness may "use[] a writing to refresh [her] memory while testifying[.]" in certain circumstances). This enumeration of error therefore fails.

(d) Johnson next argues that his trial counsel was deficient by soliciting other hearsay evidence from Officer Goodall. At trial, Johnson's counsel asked Officer Goodall if she had talked to "other witnesses" that night, and Officer Goodall responded that she had spoken to a neighbor who told her that he had "seen Ms. Goodman chasing a black male that matched the description that Ms. Goodman gave us. He described him the same way, clothing and all." The neighbor who gave this statement to Officer Goodall did not testify at trial.

12

Even assuming that this testimony was inadmissible hearsay, Johnson cannot show that he was prejudiced by this statement. The record is clear that the unidentified man that Goodman pursued was not Johnson but a separate individual. Thus, this statement by the neighbor did not implicate or identify Johnson as a perpetrator of the offense, and we therefore conclude that there is no reasonable probability that counsel's solicitation of this testimony affected the outcome of the trial. Cf. *Pepe-Frazier*, supra, 331 Ga. App. at 269-270 (3) (a) (ineffective assistance claim failed when defendant failed to show prejudice from trial counsel's failure to object to alleged hearsay statements).

(e) Johnson further argues that trial counsel was ineffective for failing to object to the admission of the cell phone and iPod for lack of a proper foundation because they were admitted through Goodman, who did not testify as to the chain of custody of the items or that she recognized them from particular distinct characteristics. "Items of evidence which are distinct and recognizable physical objects, such that they can be identified by the sense of observation, are admissible into evidence without the necessity of showing a chain of custody." (Citation omitted.) *English v. State*, 304 Ga. App. 285, 288 (3) (696 SE2d 106) (2010). We have previously held that "a cell phone is [such] a distinct item that does not require proof of the chain of

13

custody." Id. In this case, Goodman testified that the phone and the iPod were both the same items that she and Hawkins found on the night of the burglary before the electronics were admitted into evidence. Given that the Evidence Code allows for authentication of evidence by "[t]estimony of a witness with knowledge that a matter is what it is claimed to be," OCGA § 24-9-901 (b) (1), we cannot say that any objection on the basis of authentication would have had merit, and so trial counsel was not ineffective for failing to make an objection that would have been unsuccessful.[3]

(f) Johnson finally argues that his trial counsel was ineffective for allowing the cell phone and iPod to go out with the jury during deliberations without a limiting instruction telling them not to access any photos or messages not addressed at trial. He argues that the jury's unfettered access to such electronic devices is tantamount to allowing them to conduct an independent investigation of the crime by reviewing text messages, photos, and other potentially incriminating evidence on the devices. Johnson, however, has failed to point to any specific evidence on these devices that he alleges was improperly prejudicial, nor has he pointed to any evidence that the jury

---

[3] Even so, we note that Officer Goodall also identified both the phone and the iPod, and so we cannot say that Johnson showed that any lack of proper authentication of the phone or iPod prejudiced him.

14

did access the phone or iPod during its deliberations. Johnson has thus failed to show that the outcome of the trial would have been different had trial counsel requested a limiting instruction, and thus this claim of ineffective assistance fails. Cf. *Griffin v. State*, 311 Ga. 579, 581-584 (2) (858 SE2d 688) (2021) (defendant failed to show that it was plain error to allow a cell phone to go back with the jury without a limiting instruction when defendant failed to present evidence about the contents of the phone and failed to point to any potentially extraneous incriminating or prejudicial information on the phone); *Drammeh v. State*, 285 Ga. App. 545, 548-549 (2) (646 SE2d 742) (2007) (trial court did not abuse its discretion in allowing the jury to consider the entire contents of a cell phone during deliberations).

Accordingly, all of Johnson's claims of ineffective assistance fail.

3. Johnson next argues that the trial court erred by making two evidentiary rulings relating to the phone. He argues that the trial court erred by (1) overruling his objection to hearsay testimony from Hawkins that Johnson's mother told them that the phone was his; and by (2) overruling his objection for hearsay and the best evidence rule to Goodman testifying as to photographs and a text message she found on the phone.

Pretermitting whether the trial court erred by admitting this evidence at trial, because there was substantial other evidence identifying Johnson as a perpetrator of the offense and as the owner of the phone, any potential error was harmless.[4] Hawkins testified that she knew Johnson from the neighborhood, "recognized [him] *immediately*[,]" and then personally saw him drop the phone during the chase. Additionally, although Johnson objected to Goodman testifying about the contents of the phone, Hawkins also testified without objection that there were pictures of the defendant on the phone and that a text message was sent from someone to the phone asking for Johnson.[5] Finally, Officer Goodall testified that law enforcement was able to determine that the phone belonged to Johnson. Given this substantial evidence showing that the phone belonged to Johnson, we conclude that any potential error in

---

[4] "[I]n reviewing an evidentiary ruling, this Court must determine whether that ruling constituted an abuse of the trial court's discretion." *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014). "[T]he test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict[.]" (Citation omitted.) *Dennard v. State*, 305 Ga. 463, 466 (2) (826 SE2d 61) (2019).

[5] In a footnote, Johnson argues that his trial counsel was ineffective for failing to renew his objection for Hawkins' testimony. Johnson, however, did not raise this claim of ineffective assistance below despite having the opportunity to do so. Accordingly, because Johnson "failed to raise the claim at the earliest practicable moment, he failed to preserve this claim for appellate review." (Citation and punctuation omitted.) *Golson v. State*, 306 Ga. 101 (2) (829 SE2d 74) (2019).

16

these two evidentiary rulings was harmless and not reversible error. See *Armstrong v. State*, 310 Ga. 598, 604-605 (3) (852 SE2d 824) (2020) (allegedly erroneous hearsay and best evidence rulings did not constitute reversible error when "substantial, cumulative, legally admissible evidence of the same fact" was introduced such that it is clear beyond a reasonable doubt that the allegedly erroneously admitted evidence did not contribute to the verdicts).

4. Finally, Johnson argues that the cumulative effect of the errors by trial counsel and the trial court warrants a new trial. "To establish cumulative error, [Johnson] must show that at least two errors were committed in the course of the trial and considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied him a fundamentally fair trial." (Citation and punctuation omitted.) *Perrault v. State*, 316 Ga. 241, 248 (3) (887 SE2d 279) (2023). Even considering the cumulative effect of the presumed errors that we determined above were harmless or non-prejudicial by themselves, we cannot say that, taken together, the result of the trial would have been different or that Johnson was denied a fundamentally fair trial because of these errors. See *Jones v. State*, 314 Ga. 605, 616-617 (5) (878 SE2d 505) (2022) (the combined prejudicial effect of an allegedly

partial juror and two unrelated evidentiary rulings was not sufficient to warrant a new trial).

Accordingly, we affirm Johnson's conviction, sentence, and the denial of his motion for new trial.

*Judgment affirmed. Mercier, C. J., and Hodges, J., concur.*